UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| PAMELA LEE THOMPSON | | |
| Debtor(s) | ) | CASE NO. 12-81273-FJO-7 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| LESTER EYTCHISON | ) | |
|    Plaintiff, | ) | ADVERSARY NO.  13-58002 |
| | ) | |
| vs. | ) | |
| | ) | |
| PAMELA E. THOMPSON | ) | |
|    Defendant. | ) | |

## AMENDED COMPLAINT OBJECTING TO DISCHARGEABILITY OF A PARTICULAR DEBT

Comes now the plaintiff, Lester Eytchison, by his counsel of record and for his claim against the Defendant would file his Amended Complaint to determine the dischargeability of a paritcular debt against the above captioned defendants pursuant to 11 U.S.C. § 523(a)(2), and in support thereof allege as follows:

1. That the plaintiff is and at all times hereinafter mentioned, a resident of Greene County, in the State of Indiana.

2. That this Adversary proceeding is being brought in connection with Defendant's case under Chapter 7 of the Bankruptcy Code, Case No. 12-81273 now pending in this court.  This Court has jurisdiction over this adversary proceeding pursuant to the provision of 28 U.S.C. Section 1223 and 28 U.S.C. Section 157.

3. That this is a core proceeding within the meaning as defined by 28 U.S.C. 127(b)(2)(1).

4. As provided pursuant to Bankruptcy Rule 7001, this proceeding is to determine the dischargeability of a particular debt is an adversarial proceeding. Accordingly, the lititgation defined by this Complaint is properly governed by the Bankruptcy Rule encompassed in part VII of the Rules of Bankruptcy Procedure.

5. Defendant, Pamela Lee Thompson, is a resident of Greene County, in the State of Indiana.

6. Defendant is the Debtor in this Chapter 7 proceeding filed October 31, 2012.

7. That the Defendant made serveral misrepresentations to the Plaintiff in exchange for financial assistance.

8. That the Defendant indicated to the Plaintiff that she would reimburse him for financial assistance provided by the Plaintiff to the Defendant on two seperate occasions.

9. In one instance, on or about October 15, 2009, the Defendant entered into an oral agreement with the Plaintiff whereby the Plaintiff was to pay the costs associated with the Defendant moving from California to Indiana and residing with the Plaintiff from October 15, 2009, until September 9, 2010 in exchange for the Defendant reimbursing the Plaintiff for the full amount of these expenses.

10. That the Plaintiff believed, based on the representations made by the Defendant, that these expenses would be credited against his ongoing spousal maintenance obligation in the amount of $8,400.00, as a means of reimbursement. Said maintenance was originally ordered by the Superior Court in Pinal County, Arizona on May 4, 2009. The Defendant never fulfilled the parties' agreement and subsequently refused to voluntarily give the Plaintiff credit for these expenses. That the Plaintiff requested a modification of the spousal maintenance order, which was contested by the Defendant, and the Arizona court found, on December 14, 2010, that any verbal agreement between the parties did not constitute a modification. No findings were made regarding the existence of or breach of any agreement between the parties.

11. As a result, the Plaintiff is claiming to have incurred damages in the approximate amount of $8,490.88, which comprises the expenses incurred to move the Defendant from California and the Defendant's share of expenses while residing at the Plaintiff's residence.

12. In another instance, on or about November 24, 2011, the Defendant entered into a verbal agreement with the Plaintiff for the loan of funds in the amount of $1,000.00 for the purpose of assisting the Defendant with legal fees incurred for a DUI, which the Defendant promised would be reimbursed. The Defendant has failed and refused to reimburse the Plaintiff for the same.

13. That at the Defendant's 341 meeting on November 28, 2012, the Defendant indicated, upon examination by the Plaintiff, that she never had any intention of reimbursing the Plaintiff for any of these foregoing expenses. That the Defendant,

        therefore, entered into these agreeements with the Plaintiff based upon representations that she knew were false and upon which the Plaintiff relied, to his detriment.

14. That as a result of her misrepresentations, the Defendant has committed fraud upon the Plaintiff.

15. That as a direct result of the Defendant's fraud, the Plaintiff, Lester Eytchison, has filed original Complaints in the Greene Circuit and Superior Court against the Defendant under Cause No.28C01-1207-CC-000193, which is still pending, and Cause No. 28D01-1205-SC-000148, under which Plaintiff has obtained a judgment against the Defendant in the amount of $1,000.00.

16. That as a direct result of said fraud, the Plaintiff has sustained damages in the respective amounts of at least $8,490.88 and $1,000.00.

17. That the Plaintiff should be entitled to monetary damages, including, but not limited to any attorney fees incurred in this matter.

18. Plaintiff maintains that the Defendant is not entitled to a discharge of Defendant's debt owing to Plaintiff and incurred due to false statements, misrepresentations and actual fraud made by the Defendant within the meaning of Section 523(a)(2) of the Bankruptcy Code.

        WHEREFORE, Plaintiff prays that the aforementioned debts in the amounts of $8,490.88 and $1,000.00 owed by the Defendant, including interest, costs, and attorney fees, be determined by this Court to be non-dischargeable, and the Plaintiff be awarded judgment against the Defendant, for that amount, and for such other further relief that may be just and reasonable in the premises.

Dated: April 9, 2013

                                          /s/Andrew M. Wilkerson
                                          Andrew M. Wilkerson, #25868-03
                                          Attorney for Lester Eytchison
                                          1117 Wabash Avenue
                                          Terre Haute, IN 47807
                                          (812) 232-7693

## **VERIFICATION**

      I, affirm under the penalties of perjury that the foregoing statements are true to the best of my knowledge information and belief.

                                            By: /s/ Lester Eytchison
                                                   Lester Eytchison
                                                   Plaintiff